# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL, IDOC # B40832,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-724-GPM |
| | ) |
| **CHRISTINE BROWN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Michael Hall, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eighteen years' imprisonment at the Pontiac Correctional Center for armed home invasion, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of Hall's constitutional rights by persons acting under color of state law. At this time Hall's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Hall's pro se complaint alleges that Hall suffers from chest pain, which reflects, Hall believes, a heart condition. Hall alleges further that on August 9, 2010, while Hall was incarcerated at the Menard Correctional Center ("Menard"), he submitted a sick call slip to Defendant Nurse Heather, but the following morning no nurse came to see Hall. Hall alleges also that on August 30, 2010, he submitted a sick call request to Defendant Unknown Party, a nurse at Menard, but the following morning no nurse came to see Hall. With respect to Defendant J. Chandler, a prison guard at Menard, Hall alleges that on September 14, 2010, Chandler denied an emergency request by Hall to be taken to the health care unit at Menard. Hall asserts a violation of his Eighth Amendment rights. Hall seeks damages in the amount of $15,000 from each Defendant and an order requiring Hall to be taken to a Veterans Administration hospital to receive care. Additionally, Hall seeks certification of a plaintiff class of prisoners in IDOC custody who have wrongfully been denied medical care, and demands $13,000,000 in damages for the proposed

class. Having reviewed Hall's complaint carefully, the Court concludes that this case is due to be dismissed.[1]

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that

---

1. The fact that Hall brings this case as a putative class action does not prevent the Court from screening this case pursuant to 28 U.S.C. § 1915A. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[ ]." *Morlan v. Universal Guar. Life Ins. Co*., 298 F.3d 609, 616 (7th Cir. 2002). Also, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action[.]" *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992)).

amounts to "'deliberate indifference' to inmate health or safety[.]" *Id*. (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). In the Seventh Circuit, "[d]eliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). Additionally, "[a]n objectively serious medical need," the Seventh Circuit Court of Appeals has explained, "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).

"[T]he Eighth Amendment does not require that prisoners receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (quoting *Hudson*, 503 U.S. at 9). "Rather, [prisoners] are entitled to only 'adequate medical care.'" *Id*. (quoting *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002)). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The fact that some IDOC personnel may not have responded with what Hall deems sufficient alacrity to Hall's self-diagnosed "medical emergencies" does not show an objectively serious medical need. Also, Hall's allegations do not show that Defendants acted with

a sufficiently culpable state of mind. Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Under this standard, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). At most Hall has alleged conduct that may or may not have been negligent. However, mere negligence is not a sufficient basis for an Eighth Amendment claim. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Also, "isolated instances of neglect . . . taken alone or collectively cannot support a finding of deliberate indifference." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Where Hall alleges isolated instances of what might have been negligence on the part of personnel at Menard (and as a result of which, it should be noted, Hall does not appear to have suffered any injury), Hall has failed to state a claim upon which relief may be granted. This case will be dismissed.[2]

---

2. Finally, to the extent Hall is attempting to allege a violation of his Fourteenth Amendment right to equal protection of the laws, "[t]o state a claim for an equal protection violation, a prisoner must allege that he or she is a member of a protected class, and that state actors treated members of the prisoner's class less favorably than people not in the class but who are similarly situated." *Hall v. Taylor*, Civil No. 10-947-GPM, 2011 WL 663744, at *2 (S.D. Ill. Feb. 12, 2011) (collecting cases). Here Hall alleges that he is black but not that white prisoners at Menard received better treatment than Hall received.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hall's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Hall is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 13, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge